UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES E. JONES, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 3:21-CV-225 |
| v. ) | |
| ) | Judge Collier |
| FEDERAL BUREAU OF INVESTIGATION, ) | Magistrate Judge Guyton |
| ) | |
| *Defendant*. ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim by Defendant, the Federal Bureau of Investigation (the "FBI"). (Doc. 8.) Defendant filed a motion to dismiss the complaint on August 16, 2021, as well as a memorandum in support. (Doc. 9.) *Pro Se* Plaintiff, Charles E. Jones, has not filed a response to the motion, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a)(2).

Local Rule 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2. When a plaintiff fails to respond, "the district court *may* deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (Table) (emphasis added); *see also Humphrey v. U.S. Attorney Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). However, the Court of Appeals for the Sixth Circuit has determined a district court abuses its discretion when it "dismiss[es] [a plaintiff's] complaint solely for his failure to respond to defendants' motion to dismiss." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the district court should evaluate the motion to determine whether the movants have met their burden. *Id.* at 454–55.

Therefore, although Plaintiff has not responded, the Court will consider Defendant's motion on the merits.

I. **BACKGROUND**

In his complaint, Plaintiff asserts that certain camera equipment has been hidden in his current home, past home, and the homes and vehicles of his relatives. Plaintiff further asserts that he has made "website submissions dozens of times for the FBI to obtain the warrants needed to remove and seize all the evidence of stalking that has been occurring in Tennessee and Georgia for the last eight and a half years now." (Doc. 1.) As a result, Plaintiff seeks $100,000,000 from the FBI to be made whole. (*Id.*)

Plaintiff's complaint is unclear and fails to identify any causes of action. Because Plaintiff is *pro se*, this Court must give a liberal construction to his pleading, holding it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Thus, the court can infer that Plaintiff seeks to assert a cause of action for an intentional tort against the FBI for damages in an amount of $100,000,000.

Defendant argues that Plaintiff's damages claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for a lack of subject matter jurisdiction because Plaintiff has not exhausted his administrative remedies.[1] The court agrees with Defendant that the Court does not have subject-matter jurisdiction over Plaintiff's claim.

---

[1] Defendant also argues Plaintiff asserts a claim for mandamus for the removal of tracking devices, but the mandamus claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff "does not have a clear right to relief and the FBI does not have a clear duty to act." (Doc. 9.) However, even liberally construing Plaintiff's complaint, the Court sees no request for mandamus relief. Therefore, the Court need not consider Defendant's argument regarding mandamus.

## II. STANDARD OF REVIEW

In a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving jurisdiction. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Both constitutional and statutory requirements, such as administrative exhaustion, must be met before jurisdiction can be found. *See* e.g. 28 U.S.C § 2675(a). A Rule 12(b)(1) motion may present either a facial attack, which questions the sufficiency of the pleadings, or a factual attack, which challenges the factual existence of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). *I*

## III. DISCUSSION

Defendant asserts a facial attack on subject-matter jurisdiction based on the failure of Plaintiff to meet statutory requirements.

Plaintiff's complaint seeks money relief in the amount of $100,000,000 for an unspecified tort against the FBI. Defendant asserts that all of Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's "damage allegations sound in tort, and as such they may be brought only under, and are subject to the requirements of the Federal Tort Claims Act 28 U.S.C. §[§] 2671 *et seq*. ("FTCA")." (Doc. 9) Defendant further argues that under the FTCA, Plaintiff is required to file an administrative claim with the FBI before filing a lawsuit. It argues, "without compliance with the filing requirement of the FTCA, the waiver of sovereign immunity is not complete… and an 'action shall not be instituted.'" (*Id.*)

The court agrees with Defendant. Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

3

been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. 28 U.S.C. § 2675(a),

Under the 12(b)(1) standard, Plaintiff has failed to show that he has taken appropriate steps to exhaust his administrative remedies. Plaintiffs asserting tort claims against the FBI must first present their claims to the FBI and have their claims denied or unanswered within six months before they can commence an action in federal court. The FBI asserts that after a thorough review of its records, Plaintiff did not present his claims. Plaintiff has not filed documentation showing he exhausted his administrative remedies, provided any information to the Court that refutes what the FBI asserts, or responded to Defendant's motion to dismiss in any way. Because Plaintiff has not shown he exhausted his administrative remedies as to his FTCA claims, there is a lack of subject matter jurisdiction under rule 12(b)(1). Therefore, the Court will **GRANT** Defendant's motion to dismiss for a lack of subject-matter jurisdiction.

## IV.     CONCLUSION

Accordingly, the Court will **GRANT** Defendant's motion to dismiss (Doc. 8) and **DISMISS** Plaintiff's claims **WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**